IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 18 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00335-BNB

SHAWN CARMACK,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
EXEC. DIR. ARISTEDES W. ZAVARAS,
DIVISION OF MEDICAL SERVICES D.O.C.,
STERLING MEDICAL DEPT.,
MEDICAL DEPT. SUPERVISOR, BEV DOWIS,
STERLING MEDICAL DEPT.,
UNNAMED MEDICAL STAFF, S.C.F.,
COLORADO DEPT. OF CORRECTIONS STERLING FACILITY,
MEDICAL STAFF UNDER CONTRACT TO D.O.C. - STERLING FACILITY, and
WEST MEDICAL AND EAST MEDICAL,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Shawn Carmack, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on February 8, 2011.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Carmack will be directed to file an amended complaint, name only the proper parties to the action, and assert personal participation by the proper parties.

Mr. Carmack asserts three claims. In general, he alleges that he began experiencing chest pain and numbness in his left arm on July 17, 2009, but that the Defendants failed to recognize and treat the symptoms of a heart attack until July 19, 2009, when Mr. Carmack was transported to the emergency room. Mr. Carmack asserts that he received heart surgery as soon as he was admitted to the emergency room. He also alleges that, after his surgery, he did not receive the necessary cardiac therapy or follow-up care that he required, and that Defendants continue to fail to provide him with needed medications to treat his heart conditions. Mr. Carmack alleges that this treatment violates his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection. Mr. Carmack seeks damages in addition to injunctive relief.

The Court finds that Mr. Carmack is suing improper parties. Mr. Carmack may not sue the Colorado Department of Corrections or the Sterling Correctional Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v.*

*Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Further, Defendant Sterling Facility Medical Department and Defendant West Medical and East Medical are not people for the purpose of a § 1983 action. Mr. Carmack must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Carmack must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Executive Director Aristedes W. Zavaras, may not be held liable

3

merely because of his or her supervisor position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Carmack fails to assert how all named Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Carmack may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Carmack uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Shawn Carmack, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Carmack, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Carmack fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 18, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00335-BNB

Shawn Carmack
Prisoner No. 97135
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 18, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                    Deputy Clerk